John "Jack" D. Wilenchik, Esq. #029353
Davis P. Bauer, Esq. #035529
Wilenchik & Bartness, P.C.
2810 North Third Street
Phoenix, AZ 85004
admin@wb-law.com
Telephone: (602) 606-2810
Facsimile: (602) 606-2811

Harmeet K. Dhillon (admitted *pro hac vice*)
harmeet@dhillonlaw.com
Michael A. Columbo (admitted *pro hac vice*)
mcolumbo@dhillonlaw.com
Jesse D. Franklin-Murdock (admitted *pro hac vice*)
jfranklin-murdock@dhillonlaw.com
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Amanda Wray; Kimberly Stafford; and Edmond Richard,**<br><br>**Plaintiff,**<br>**v.**<br><br>**Jann-Michael Greenburg, in his individual capacity; Mark Alan Greenburg; Dagmar Greenburg; Scottsdale Unified School District No. 48; and DOES 1–20,**<br><br>**Defendants.** | Case No.: 2:22-CV-00859-DWL<br><br>**PLAINTIFF AMANDA WRAY'S MOTION FOR SANCTIONS AGAINST DEFENDANT MARK ALAN GREENBURG AND HIS ATTORNEYS CHRISTOPHER T. RAPP, ESQ., LESLI M.H. SORENSEN, ESQ., AND ANDREW C. PACHECO, ESQ., AND FOR AN ORDER TO SHOW CAUSE**<br><br>**ORAL ARGUMENT REQUESTED** |

1      Pursuant to the Court's Protective Order, dated July 26, 2023 [ECF No. 86], and Federal

2  Rule of Civil Procedure 37(b)(2)(A), Plaintiff Amanda Wray ("Ms. Wray"), by and through

3  undersigned counsel, hereby moves for sanctions against Defendant Mark Alan Greenburg ("M.

4  Greenburg") and his attorneys Christopher T. Rapp, Esq. ("Mr. Rapp"), Lesli M.H. Sorensen, Esq.

5  ("Ms. Sorensen"), and Andrew C. Pacheco, Esq. ("Mr. Pacheco") (collectively referenced by their

6  law firm's name, "Ryan Rapp Pacheco Sorensen"), and for an order to show cause. This Motion

7  is supported by the accompanying Memorandum of Points and Authorities, the Declaration of

8  Jesse D. Franklin-Murdock and the exhibits thereto, such argument that counsel may present at a

9  hearing on the motion, and the entire record and file herein. Ms. Wray requests oral argument on

10  this Motion.

11      As detailed in the accompanying Memorandum, Ryan Rapp Pacheco Sorensen willfully

12  and flagrantly violated the protective order in this case by using materials produced and designated

13  as confidential in this case in connection with another case, including submitting them to another

14  court and describing their contents in a motion, without first complying with the de-designation

15  process in this Court's Protective Order. Indeed, they did so even after Ms. Wray's attorneys

16  cautioned M. Greenburg's counsel that her planned course of action would violate the Protective

17  Order.

18      Ms. Wray is <u>not</u> seeking sanctions against M. Greenburg's attorneys at Sanders & Parks,

19  P.C., whom she does not hold responsible for Ryan Rapp Pacheco Sorensen's misconduct.

20  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

21  **I.    INTRODUCTION**

22      M. Greenburg and his attorneys agreed to be bound by a Protective Order in this case.

23  Plaintiffs then produced certain private communications in this case that Plaintiffs designated as

24  confidential. After M. Greenburg recently lost his case against Ms. Wray and her husband Daniel

25  Wray (the "Wrays") in state court, M. Greenburg, represented by Ryan Rapp Pacheco Sorensen,

26

1  violated the Protective Order this Court by filing Plaintiffs' confidential documents from this case

2  in connection with a motion he filed in the state court action. The Court should not countenance

3  M. Greenburg and Ryan Rapp Pacheco Sorensen's contempt for the Court's Protective Order.

4  Sanctions and an order to show cause, following a further finding of contempt of court, should

5  issue.

6  **II.     BACKGROUND**

7         On February 2, 2022, M. Greenburg filed a lawsuit against the Wrays in Maricopa County

8  Superior Court, Case No. CV2022-001353 (the "State Case"). Declaration of Jesse D. Franklin-

9  Murdock ("Franklin-Murdock Decl.") ¶ 3, Ex. 1.

10        On March 25, 2022, the Wrays filed a Special Motion to Dismiss M. Greenburg's

11  Complaint pursuant to A.R.S. § 12-752 (the "Wrays' Anti-SLAPP Motion"). Franklin-Murdock

12  Decl. ¶ 4, Ex. 2.

13        On July 10, 2023, the Court in the State Case held a full-day evidentiary hearing on the

14  Wrays' Anti-SLAPP Motion at which Ms. Wray and M. Greenburg testified. Franklin-Murdock

15  Decl. ¶ 5, Ex. 3.

16        On July 26, 2023, the Court issued a Protective Order in the instant case. Franklin-Murdock

17  Decl. ¶ 6, Ex. 4. Section 4 of the Protective Order states: "All Confidential Information Designated

18  as 'CONFIDENTIAL' or 'CONFIDENTIAL – FOR COUNSEL ONLY' must not be disclosed

19  by the receiving party to anyone other than those persons designated within this Order, must be

20  handled in the manner set forth below, and **must not be used for any purpose other than in**

21  **connection with this litigation, unless and until such designation is removed either by**

22  **agreement of the parties or by order of the Court**." *Id.* at 4 (emphasis added).

23        On July 28, 2023, Plaintiffs and M. Greenburg both served their first production of

24  documents (aside from Initial Disclosure documents) on all parties in this case. Plaintiffs'

25  production included documents that were designated as confidential in accordance with the

26

Court's Protective Order, including sensitive, private communications between Ms. Wray and third parties, as well as documentation regarding the financing of this litigation. Franklin-Murdock Decl. ¶ 7.

On September 20, 2023, the Court in the State Case issued a Minute Entry granting the Wrays' Anti-SLAPP Motion in full, dismissing Greenburg's complaint, and permitting the Wrays to file an application for attorneys' fees and costs. Franklin-Murdock Decl. ¶ 8, Ex. 5.

On October 3, 2023, at approximately 1:45 p.m., Ms. Sorensen spoke by telephone with the Wrays' attorneys, Michael A. Columbo, Esq. ("Mr. Columbo") and Jesse D. Franklin-Murdock, Esq. ("Mr. Franklin-Murdock"). Ms. Sorensen asked if Messrs. Columbo and Franklin-Murdock would agree to de-designate as confidential certain documents Plaintiffs had produced in the instant case for use in a motion for new trial or new judgment in the State Case ("Greenburg's Motion"), but Ms. Sorensen did not identify the documents, let alone provide the Wrays' counsel with copies thereof. Mr. Franklin-Murdock informed Ms. Sorensen that using documents Plaintiffs had produced in the instant case that were designated as confidential would violate the Protective Order in the instant case. Mr. Franklin-Murdock further explained to Ms. Sorensen that Ms. Sorensen had not followed the procedure in the Protective Order for challenging confidentiality designations. Ms. Sorensen did not disagree with either statement, but instead, she stated that she would be filing Greenburg's Motion as she did not believe there was time to seek de-designation of the confidential documents under the Protective Order. Ms. Sorensen did not ask the Wrays' attorneys to agree to any extension of time regarding her briefing schedule so as to allow her to seek de-designation of documents in accordance with the Protective Order. Under Arizona Rule of Civil Procedure 59(b)(1), M. Greenburg's deadline to move for a new trial was fifteen days following the entry of judgment, but the Wrays did not even file a *proposed* judgment until October 4, 2023 (the deadline set by the State Court). Franklin-Murdock Decl. ¶ 9; Ariz. R. Civ. P. 59(b)(1).

4

On October 3, 2023, at 3:43 p.m., Ms. Sorensen stated the following in an email to Messrs. Franklin-Murdock and Columbo, with Messrs. Rapp and Pacheco (along with a Ryan Rapp Pacheco Sorensen paralegal) copied:

> As discussed earlier today during our meet and confer, we are intending to use the attached exhibits to support a motion for new judgment or new trial with the Maricopa County Superior Court in CV2022-001354. We are following the procedure outlined in Ariz.R.Civ.P. Rule 5.4. You'll receive copies of everything once filed.
> We are seeking your agreement to de-designate the attached exhibits, as they are not appropriately sealable under Rule 5.4, nor are they appropriately classified under the Protective Order as "Confidential" and would likely not qualify under Local Rule 5.6.
> For now, we are filing these documents under seal, pending your additional consideration.
> I'll remind you that we have an essentially identical protective order in the CFAA case, and you used exhibits from that case marked confidential in this proceeding without a meet and confer. We seek similar consideration here.

Franklin-Murdock Decl. ¶ 10, Ex. 6.

Ms. Sorensen's statement that the Wrays used documents marked as confidential in the CFAA Case, i.e., *Greenburg v. Wray, et al.*, Case No. 2:22-cv-00122-PHX-DLR (D. Ariz.), in the State Case is false. In fact, Ms. Sorensen made a contradictory, but equally false statement on the record at the evidentiary hearing on the Wrays' Anti-SLAPP Motion, and the Wrays' counsel corrected her on the record. Specifically, the Wrays introduced documents at the evidentiary hearing that were part of their Initial Disclosures in the instant case, and Ms. Sorensen stated on the record that they were designated as confidential. As the Wrays' counsel pointed out on the record, this was impossible, as the Protective Order in the instant case had not yet been issued as of the date of the evidentiary hearing. Franklin-Murdock Decl. ¶ 11, Ex. 7.

In an apparent fit of pique over losing his case, on October 3, 2023, at 4:07 p.m., M. Greenburg filed a Motion for New Trial or New Judgment in the State Case in which M. Greenburg falsely accused the Wrays and their attorneys of hiding evidence, falsely accused Ms. Wray of perjuring herself, falsely accused Ms. Wray's counsel as suborning that perjury, and

5

falsely accused the judge in the state court case of deciding the case based on her emotions instead

of the law and facts. Greenburg's Motion contained exhibits which, together, included **212 pages**

that Plaintiffs had produced in the instant case and had designated as confidential under the

Protective Order (the "Confidential Documents"). Franklin-Murdock Decl. ¶ 12, Ex. 8. While M.

Greenburg filed the Confidential Documents under seal in the State Case, he and his attorneys

nonetheless violated Section 4 of the Protective Order in this case.

On October 4, 2023, the Wrays filed their application for attorneys' fees and costs and

proposed final order and judgment in the State Case. M. Greenburg's objections thereto are due

on October 18, 2023. Franklin-Murdock Decl. ¶ 13, Ex. 9.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions for failure to comply

with a court order as follows:

> If a party or a party's officer, director, or managing agent--or a witness
> designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide
> or permit discovery, including an order under Rule 26(f), 35, or 37(a), the
> court where the action is pending may issue further just orders. They may
> include the following:
> **(i)** directing that the matters embraced in the order or other designated facts
> be taken as established for purposes of the action, as the prevailing party
> claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated
> claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an
> order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). "The district court has great latitude in imposing

sanctions under [Federal Rule of Civil Procedure] 37." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425

(9th Cir. 1985).

///

6

1

## IV.   ARGUMENT

2        M. Greenburg and Ryan Rapp Pacheco Sorensen's violation of this Court's Protective

3   Order is blatant and obvious. Section 4 of the Protective Order expressly prohibited the use of

4   documents designated as confidential for any use outside of this litigation unless and until such

5   designation is removed. M. Greenburg and Ryan Rapp Pacheco Sorensen defied the Court's

6   Protective Order when they attached the Confidential Documents (212 pages) in a desperate effort

7   to reverse their loss of the Wray's Anti-SLAPP Motion and the looming award of substantial

8   attorneys' fees accrued over a year and a half of defending against M. Greenburg's improper

9   lawsuit.

10       The only real question before the Court, therefore, is the proper remedy. U.S. District Judge

11  Sharon L. Gleason's Order Granting Motion for Sanctions in *Nelson v. Millenium Laboratories,*

12  *Inc.* is instructive. Case No. 2:12-cv-01301-PHX-SLG, 2014 WL 1496623 (D. Ariz. Apr. 15,

13  2023). In *Nelson*, a dispute arose when the plaintiff provided a non-party involved in litigation

14  with the defendant with deposition transcripts that the defendant had designated as confidential.

15  *Nelson*, 2014 WL 1496623, at *1. The Court emphasized that the only issue before it was

16  sanctions, not the appropriateness of the confidentiality designations themselves. *See id.* at *3 ("It

17  could be that Millennium has over-designated materials as confidential; this Order is not intended

18  to address or determine that issue. The PO sets forth a clear process by which a party can challenge

19  confidentiality designations—a process that Ms. Nelson has already once disregarded last summer

20  and again decided to ignore when she transferred depositions that were marked confidential to

21  Ameritox."). M. Greenburg and Ryan Rapp Pacheco Sorensen therefore engaged in extremely

22  similar conduct: they took materials Plaintiffs designated as confidential in this action and, before

23  following the challenge procedure set forth in the Protective Order, violated the Protective Order

24  by using the Confidential Documents in the State Case.

25       The *Nelson* Court issued the following sanctions against the plaintiff and the third party

26

who received and used the confidential deposition transcripts (Ameritox):

> 1. Plaintiff is precluded from introducing any evidence with respect to Dr. Andrea Trescot at trial, including but not limited to Dr. Trescot's deposition testimony.
>
> 2. In light of the foregoing, the Court reconsiders its prior order at Docket 232 with respect to Millennium's costs associated with Dr. Trescot's deposition, and grants to Millennium all of its reasonable attorneys' fees, expenses, and costs associated with that deposition. Millennium shall submit declarations and documentation to support its claimed fees and expenses associated with that deposition within 14 days of the date of this Order.
>
> 3. Pursuant to Civil Rule 37(b)(2)(C), Millennium shall also be awarded all of its reasonable expenses, including attorneys' fees, associated with the filing of this motion and reply, as this Court finds that Plaintiff and Ameritox's violation of the Stipulated Protective Order was not substantially justified. Millennium shall submit declarations and documentation to support its claimed expenses in this regard within 14 days of the date of this Order.
>
> 4. The Court will schedule a show cause hearing by separate order to address whether Plaintiff and/or Ameritox should be found in contempt, to occur at such time that the undersigned judge is next scheduled to be in Phoenix, Arizona.

*Nelson,* 2014 WL 1496623, at *4.

Similar sanctions are warranted here, except as to Ms. Sorensen. Aggravated circumstances exist in her case. Mr. Franklin-Murdock specifically told Ms. Sorensen that her planned course of conduct would violate the Protective Order, and Ms. Sorensen did it anyway. Her only justification for violating the Protective Order was her false statement that the Wrays too had violated a protective order. (Even if Ms. Sorensen believed this to be the case, it would not give her license to violate this Court's order.) Thus, Ms. Sorensen's violation of the Protective Order was knowing, willful, and intentional. Plaintiffs' requested remedy is in the Conclusion section that follows; Plaintiffs seek heightened contempt sanctions against Ms. Sorensen.

**V.    CONCLUSION**

Based on the foregoing arguments and authorities, Plaintiff Amanda Wray respectfully requests that the Court issue an order that:

1. Precludes Defendant Mark Alan Greenburg from using in this case, in any way, any of the confidential documents M. Greenburg attached to his Motion for New Trial or New

Judgment in the State Case.

2. Issues an award of attorneys' fees and costs in favor of Ms. Wray and against M. Greenburg for the expenses she incurred in bringing this motion, including any attorneys' fees and costs she will incur in preparing a reply and appearing at a hearing.

3. Issue an order requiring M. Greenburg, Christopher T. Rapp, Esq., Lesli M.H. Sorensen, Esq., and Andrew C. Pacheco, Esq. to come before the Court and show cause why they should not be held in contempt for their violation of the Protective Order.

4. Issue heightened contempt sanctions against Ms. Sorensen for her knowing, willful, and intentional violation of the Protective Order.

**RESPECTFULLY SUBMITTED** this 10th day of October, 2023.

**WILENCHIK & BARTNESS, P.C.**

**DHILLON LAW GROUP INC.**

*/s/ Jesse D. Franklin-Murdock*
John "Jack" D. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Harmeet K. Dhillon, Esq.
(admitted *pro hac vice*)
Michael A. Columbo, Esq.
(admitted *pro hac vice*)
Jesse D. Franklin-Murdock, Esq.
(admitted *pro hac vice*)
177 Post Street, Suite 700
San Francisco, California 94108
harmeet@dhillonlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, I electronically transmitted the foregoing document to the Clerk of the court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.


/s/ *Travis Yokoyama*

By: Travis Yokoyama